IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LAURA GREGSON, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Case No. 21-cv-3260 |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) ) |
|     Defendant. | ) ) |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

This is an action for judicial review under 42 U.S.C. § 405(g) of the denial of Plaintiff's claim for social security benefits. Before the Court are Plaintiff's Motion for Summary Judgment (Doc. 11) and Defendant's Motion for Summary Affirmance (Doc. 12).

**I.   BACKGROUND**

In March 2019, Plaintiff Laura Gregson filed claims for disability insurance benefits and supplemental security income under the Social Security Act. (R. 13.) Plaintiff's alleged disability began on February 7, 2019. (*Id.*) A hearing was held on November 4, 2020, at which time Plaintiff was 52 years old. (*Id.* at 33, 57.) The ALJ found that Plaintiff has the following severe impairments: lumbar degenerative disc disease, C7 fracture with mid cervical degenerative disc disease, left sacroiliitis, lumbar facet syndrome, left hip trochanteric bursitis, left gluteus medius tendinapothy, myofascial

pain syndrome, iliotibial band syndrome, adjustment disorder, anxiety disorder, depressive disorder, fibromyalgia, mild bilateral knee degenerative joint disease and chondromalacia, and pain disorder with psychological factors. (*Id.* at 16.)

In her March 2021 decision, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (*Id.*) The ALJ found Plaintiff has the residual functional capacity ("RFC") to perform a range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). (*Id.* at 19.) On October 15, 2021, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (R. 1-6), thereby rendering it the Agency's final decision for purposes of judicial review. *See* 20 C.F.R. § 404.981.

Plaintiff alleges the ALJ incorrectly determined at step four of the five-step sequential analysis that Plaintiff can perform her past work as a cleaner. (Doc. 11-1, Brief Supp. Pl. Mot. SJ, 7.) Plaintiff further asserts the ALJ did not adequately explain the weight applied to all medical opinions or prior administrative findings as required under 20 C.F.R. § 404.1520c. (*Id.*) Finally, Plaintiff contends the RFC determination was not supported by substantial evidence. (*Id.*)

## II.   DISCUSSION

### A. Legal Standard

A claimant is considered disabled only upon showing an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §

423(d)(1)(A). It generally is the claimant's burden to prove disability. 20 C.F.R. § 404.1512(a); *See Prill v. Kijakazi*, 23 F.4th 738, 746 (7th Cir. 2022). A claimant must show her impairments "are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Social Security Administration applies the statutory standard by employing a five-step sequential analysis. 20 C.F.R. § 404.1520(a)(4). The claimant has the burden of production at steps one through four. 20 C.F.R. § 404.1520(a)(4)(i)-(iv); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the claimant meets her burden of proving disability, the agency must produce evidence of jobs existing in significant numbers that the claimant can perform given her age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520(a)(4)(v); *Id.* at 146 n.5.

When, as here, the Appeals Council denies review, the ALJ's decision stands as the final decision of the Commissioner. *See Schaaf v. Astrue*, 602 F.3d 869, 874 (7th Cir. 2010). The Act specifies that the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Yurt v. Colvin*, 758 F.3d 850, 856 (7th Cir. 2014) (citations omitted). Although the task of a court is not to re-weigh evidence or substitute its judgment for that of the ALJ, the ALJ's decision "must provide enough discussion for [the Court] to afford [the Plaintiff] meaningful judicial review and assess

the validity of the agency's ultimate conclusion." *Id.* at 856-57. The ALJ "must build a logical bridge from the evidence to his conclusion, but he need not provide a complete written evaluation of every piece of testimony and evidence." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (internal citations and quotation marks omitted). A court does not "resolve conflicts or decide questions of credibility." *L.D.R. v. Berryhill*, 920 F.3d 1146, 1152 (7th Cir. 2019).

### B. Plaintiff's Past Relevant Work

Plaintiff contends the ALJ incorrectly determined at step four she can perform her past relevant work as a cleaner. (Doc. 11-1, 7.) "Past relevant work" is defined as work done in the last 15 years, that was substantial gainful activity, and that lasted long enough for the individual to learn to do it. 20 C.F.R. § 404.1560(b)(1). During the hearing before the ALJ, Plaintiff's vocational expert ("VE") classified Plaintiff's past relevant work as paraprofessional, cleaner, and newspaper reporter. (R. 57-58.) In response to one of the ALJ's hypotheticals, the VE testified the hypothetical individual would be able to perform Plaintiff's past relevant work as a cleaner both as actually and generally performed. (*Id.* at 58-59.) Therefore, the ALJ determined Plaintiff could perform her past relevant work as a cleaner both as she actually had performed it and as generally performed in the national economy. (*Id.* at 23.)

Plaintiff contends the VE had no way of knowing what she did as a cleaner. (Doc. 11-1, 7.) Plaintiff testified that, in the three or four months she worked at Heartland Lodge, she was a cleaner for only one month and worked the other two to three months in the kitchen. (R. 41-42.) Because the VE did not have any information regarding the

work Plaintiff actually performed at Heartland Lodge to identify this occupation from the Dictionary of Occupational Titles, Plaintiff argues the ALJ did not have adequate evidence to determine Plaintiff could perform her past relevant work. (Doc. 11-1, 8.)

"A vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy." 20 C.F.R. § 404.1560(b)(2). The regulation further provides "a vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy." *Id.*

Additionally, any error the ALJ made in determining Plaintiff could perform her past work as a cleaner as she actually performed it was harmless. "The harmless error analysis looks to evidence in the record to see if the court can predict with great confidence what the result will be on remand." *Musgrove v. Berryhill*, 2018 WL 1184734, at *5 (N.D. Ill. Mar. 7, 2018). Plaintiff does not address the ALJ's finding that she could return to her past work as a cleaner as it is generally performed. Furthermore, the ALJ found at step five that based on Plaintiff's age, education, work experience, and RFC, the Plaintiff could successfully adjust to other work that exists in significant numbers in the national economy. As such, an order remanding with instructions that the ALJ reconsider whether Plaintiff could perform her past work as a cleaner as she actually performed it is

unnecessary, because the ALJ already found she could return to work as a cleaner as it is generally performed and could successfully adjust to other work that exists in the national economy. *See Schwartz v. Kijakazi*, 2023 WL 2728819, at *8 (E.D. Wis. Mar. 31, 2023) (holding any potential error in failing to include a balancing limitation in the RFC would be harmless because the DOT indicated the jobs did not require balancing). Therefore, the Court concludes any error by the ALJ concerning Plaintiff's past relevant work as a cleaner is harmless.

### C. ALJ's Consideration of Medical Opinions

Plaintiff next alleges that, in failing to adequately address the consistency and supportability of the medical opinions, the ALJ failed to fully explain the weight applied to all medical opinions and prior administrative medical findings in the record as required under 20 C.F.R. § 404.1520c(b). (Doc. 11-1, 8.) Consistency and supportability are the most important factors in assessing the persuasiveness of a medical source's medical opinion. 20 C.F.R. § 404.1520c(b)(2). "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). Similarly, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be. " *Id.* at § 404.1520c(c)(2).

Plaintiff claims that, while the ALJ uses the words "consistent" and "support," she does not provide any analysis. (Doc. 11-1, 8.) The ALJ addresses Plaintiff's treating physician's opinions concerning her being disabled or unable to work. (R. 22.) The ALJ cited a record from a February 2019 appointment, wherein Plaintiff's treating physician wrote "I feel work is preventing her healing." (Doc. 11-1, 8.) Upon physical exam, it was noted Plaintiff had muscle spasms throughout her back and she was diagnosed with chronic bilateral back pain. (R. 454.) According to a physician assistant's treatment note, Plaintiff would "reach out to her disability provider for appropriate forms as she is not ready to take time off work – I am completely agreeable to this as I feel work is preventing her healing." (*Id.*) The ALJ also cited as neither valuable nor persuasive an October 21, 2020 opinion from Plaintiff's provider which noted she was no longer able to perform her previous work due to pain and gave Plaintiff a referral to rheumatology. (R. 660.)

Plaintiff herself reported that she was "currently in the process of seeing if she will qualify for disability because of her debilitating pain from her fibromyalgia. She is no longer able to perform her job because of this." (*Id.*) As the ALJ found, statements that go to the ultimate issue of disability are inherently neither valuable nor persuasive. 20 C.F.R. § 404.1520b(c). Plaintiff acknowledges that the ultimate issue is reserved for the Commissioner but claims the opinions are of value because they discuss Plaintiff's very real complaints and limitations caused by her pain, in addition to being consistent with the rest of the evidence. (Doc. 11-1, 9.)

The regulations provide as follows:

Because the evidence listed in paragraphs (c)(1) through (c)(3) of this section is inherently neither valuable not persuasive to the issue of whether you are disabled or blind under the Act, we will not provide any analysis about how we considered such evidence in our determination or decision, even under § 404.1520c.

\*    \*    \*

(3) Statements on issues reserved to the Commissioner. The statements listed in paragraphs (c)(3)(i) through (c)(3)(viii) of this section would direct our determination or decision that you are or are not disabled or blind within the meaning of the Act, but we are responsible for making the determination or decision about whether you are disabled or blind:

(i) Statements that you are or are not disabled, blind, able to work, or able to perform regular or continuing work.

20 C.F.R. § 404.1520b(c)(3)(i). To the extent that Plaintiff claims error because the ALJ did not address the treatment notes reflecting Plaintiff's pain complaints affecting her ability to work, the ALJ was not required under the regulations to provide any analysis about how she considered evidence in her determination or decision under § 404.1520c governing medical opinions. Furthermore, the ALJ was not required to accept medical opinions about Plaintiff's ability to work. *See Richardson v. Kijakazi*, 2023 WL 4103000, at \*2 (7th Cir. June 21, 2023).

Plaintiff also contends the ALJ erred in assessing the opinion of examining psychologist Dr. Froman. Dr. Froman examined Plaintiff in July 2019 and concluded that "[w]ere it not for her pain and physical limitations, I believe that Laura would easily be able to perform one and two step assemblies at a competitive rate," is "easily able to relate to others [and] understand oral and written instructions," and that "[u]ntil such time as

her pain status has been managed successfully, she is not likely to be able to function in a competitive environment." (R. 530.) The ALJ found Dr. Froman's opinion unpersuasive, stating "[t]he support for this opinion is undermined by the scope of review –i.e., the consultant performed a one-time examination, and, whereas the consultant relied in part on the claimant's physical, subjective allegations of pain." (R. 23.)

Plaintiff contends Dr. Froman's opinion is consistent and supported by the record. (Tr. 11-1, 9.) However, an ALJ need not accept an opinion that is based on a claimant's subjective complaints. *See Ketelboeter v. Astrue*, 550 F.3d 620, 625 (7th Cir. 2008) (upholding the rejection of a physician's statement that was based on claimant's subjective complaints). Additionally, Dr. Froman was outside his specialty in making statements about Plaintiff's physical capabilities. *See Gibbons v. Saul*, 801 F. App'x 411, 416 (7th Cir. 2020) (finding that an ALJ may assign little weight if a specialist renders an opinion on an issue outside his expertise). Finally, Dr. Froman's statement touched on the ultimate issue of disability which the ALJ was not required to analyze under 20 C.F.R. § 404.1520b(c)(3)(i). Therefore, the Court concludes the ALJ reasonably found Dr. Froman's opinion was not supported by the record and was inconsistent with other medical evidence in the record, including Dr. Froman's own normal mental status examination.

Plaintiff also underwent a physical consultative examination by Dr. Leung. (R. 609.) Dr. Leung noted Plaintiff had a slow and stiff gait, difficulties walking on her heels, straight leg raising bilaterally was positive at 20 degrees, and reduced ranges of motion in her neck and lower back. (R. 609-10.) The ALJ found his report to be "somewhat persuasive," noting it was "generally consistent with and supported by the evidence as a

whole." (R. 22.) Plaintiff contends the ALJ does not explain how Dr. Leung's report is "somewhat persuasive" if Plaintiff retains the ability to work at a light level. (Doc. 11-1, 10.) As Defendant notes, however, Dr. Leung did not provide a medical opinion regarding Plaintiff's functional limitations. (Doc. 12-1, 8.) Moreover, the claimant bears the burden of production at steps one through four. 20 C.F.R. § 404.1520(a)(4)(i)-(iv); *Bowen*, 482 U.S. at 146 n.5 (1987). The ALJ must only support her assessment of the medical opinions with substantial record evidence, which she did. (R. 22-23.) The Court concludes Plaintiff has failed to show that the ALJ's assessment of the medical evidence is not properly supported.

### D. ALJ's RFC Finding

Plaintiff next alleges the ALJ's RFC determination was not supported by substantial evidence. (Doc. 11-1, 11.) RFC is an assessment of an individual's ability to do sustained work. *See* SSR 96-8p, 61 Fed. Reg. 34474, 34475 (July 2, 1996). It is the most an individual can work despite her limitations. *Id.* The regulation lists seven functions an ALJ must consider when evaluating RFC to work: sitting, standing, walking, lifting, carrying, pushing, and pulling. *Id.* at 34477. The regulation requires the ALJ to describe in narrative form "how the evidence supports each conclusion [about a strength function], citing specific medical facts (*e.g.*, laboratory findings) and nonmedical evidence (*e.g.*, daily activities, observations)." *Id.* at 34478. "In making a proper RFC determination, the ALJ must consider all of the relevant evidence in the record, even limitations that are not severe, and may not dismiss a line of evidence contrary to the ruling." *Jarnutowski v. Kijakazi*, 48 F.4th 769, 774 (7th Cir. 2022) (citation omitted).

The ALJ found Plaintiff has the RFC to perform a range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), and analyzed the seven necessary functions in narrative form as follows:

> Specifically, the claimant is able to lift up to 20 pounds occasionally and life/carry up to ten pounds frequently. She is able to stand/walk for about six hours and sit for up to six hours in an eight-hour workday, with normal breaks. She is unable to climb ladders/ropes/scaffolds, but is occasionally able to climb ramps/stairs, balance, stoop, kneel, crouch, and crawl. She is able to tolerate frequent bilateral handling. She is able to tolerate occasional exposure to extreme cold. She is unable to tolerate exposure to unprotected heights and use of dangerous moving machinery. She is able to perform simple, routine, and repetitive tasks in a work environment free of fast-paced production requirements, involving only simple work-related decisions and routine workplace changes.

(R. 19.) Plaintiff does not identify any limitations she believes the ALJ overlooked or should additionally have imposed.

Plaintiff contends the ALJ's decision is contradictory in that she fails to explain how Plaintiff's limitations are consistent with medical evidence and other evidence. (Doc. 11-1, 12.) The ALJ states some of Plaintiff's allegations are consistent with the record in that imaging results and diagnostic evidence are indicative of some of Plaintiff's severe impairments. (R. 20.) However, Plaintiff does not explain how the ALJ's decision is contradictory.

In considering Plaintiff's subjective symptoms the ALJ states, "After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms. However, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other

evidence for the reasons explained in this decision." (R. 21.) The Seventh Circuit has classified that or similar language as "meaningless boilerplate" because it does not link the claimant's statements with the objective evidence in the record. *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013). Moreover, such language does not enable a reviewing court to determine what the ALJ relied on in making her determination. *Id.* However, the fact that the ALJ used boilerplate language does not automatically discredit the ALJ's conclusion if she otherwise explains why she is rejecting a claimant's testimony. *Fanta v. Saul*, 848 F. App'x 655, 659 (7th Cir. 2021).

The record indicates the ALJ considered a number of factors such as Plaintiff's subjective statements, activities of daily living, treatment history, clinical exam findings, imaging, and the record medical opinions, in accordance with SSR 16-3p, which requires the ALJ to examine "the entire case record," including the objective medical evidence, the claimant's statements, and statements by other medical sources and persons. Social Security Ruling 16-3p Titles II and XVI: Evaluation of Symptoms in Disability Claims, 82 Fed. Reg. 49462, 49464 (Oct. 25, 2017). The ALJ considered Plaintiff's subjective statements concerning her symptoms and alleged functional limitations. (R. 20-21.) The ALJ discussed Plaintiff's treatment history consisting of medications, injections, and physical therapy. (R. 21-22.) The ALJ also considered objective imaging and clinical exams along with the record medical opinions. (R. 22-23.) Additionally, the ALJ considered Plaintiff's daily activities and did not appear to place undue emphasis on them or equate them with an ability to perform full-time work. (R. 17, 20.) The Court finds no error with the ALJ's subjective symptom assessment.

Plaintiff is critical of the ALJ for summarizing the evidence and further claims that the ALJ's summary is "faulty," but does not elaborate on how the summary is faulty. (Doc. 11-1, 12-13.) Even assuming the ALJ's summary contains some errors or omissions, Plaintiff does not demonstrate how any of this evidence establishes disability.

Plaintiff further claims it is "galling" that the ALJ labeled the treatment she received as "conservative" in that there were no spine, hip or knee surgeries, regular or long-term physical or psychiatric hospitalizations, or prescriptions confirming the long-term and medically necessary use of a cane or similar device. (Doc. 11-1, 18.) Plaintiff's physicians did not indicate surgery was necessary to treat her pain or other conditions. (*Id.*) Plaintiff was repeatedly diagnosed with lumbar facet joint pain and lumbar facet syndrome for which the recommended course of treatment is injections and medial branch blocks. (*Id.*; R. 491, 509, 583, 631.) Plaintiff was referred to physical therapy for her lumbar spine and sacroiliac joint which provided incomplete relief or no improvement. (Doc. 11-1, 18.) The ALJ noted Plaintiff was not consistently prescribed physical therapy. (R. 21.) Plaintiff takes issue with that finding because her providers are not going to continue to recommend treatment that is unsuccessful, but the ALJ is entitled to consider the nature of a claimant's treatment. *Prill v. Kijakazi*, 23 F.4th 738, 749 (7th Cir. 2022) (finding the ALJ did not err in considering claimant received conservative treatment such as injections); *Baptist v. Kijakazi*, 74 F.4th 437, 448 (7th Cir. 2023) (noting conservative treatment history undermined claim of disability). Plaintiff has shown no error regarding the ALJ's consideration of Plaintiff's injections or other conservative treatment.

Plaintiff testified that the injections in her knees, left hip, and lower back did not give her long term relief. (R. 51.) The ALJ acknowledged Plaintiff's lack of relief from injections but noted that it appeared she received some relief from the medial branch blocks. (R. 22.) In July 2020, after Plaintiff's fibromyalgia diagnosis, she reported nothing was helping with the pain. (R. 673.) The ALJ recognized Plaintiff suffered from pain but did not credit Plaintiff's allegations about the intensity, persistence, and limiting effects based on the entire record. (R. 20-23.)

Plaintiff notes that the ALJ identified fibromyalgia as a medically diagnosable impairment and stated that fibromyalgia has no listing and no listing is satisfied in this case. (Doc. 11-1, 20; R. 17.) Plaintiff argues the ALJ never discusses Listing 14.09D, which is the listing mentioned in SSR 12-2p as a possible listing of equivalence for fibromyalgia. ( Doc. 11-1, 20.) However, Plaintiff does not identify additional limitations she believes the ALJ overlooked or should have imposed in determining Plaintiff's RFC. *See Penrod on behalf of Penrod v. Berryhill*, 900 F.3d 474, 478 (7th Cir. 2018) (finding no error with ALJ's RFC determination when plaintiff did not address additional limitations the ALJ should have included in the RFC analysis).

The ALJ found Plaintiff has a mild limitation in understanding, remembering, or applying information; interacting with others; and concentrating, persisting, or maintaining pace. (R. 17-18.) The ALJ found Plaintiff has a moderate limitation for adapting or managing oneself. (R. 18-19.) She determined Plaintiff's mental impairments, whether considered singly or in combination, did not meet or medically equal the criteria of any listing. (R. 17.) Although Plaintiff contends none of this is indicative of the ability

to sustain concentration on a regular and continuing basis (Doc. 11-1, 21), Plaintiff does not identify any limitations that were overlooked or should have been imposed. *See Sosh v. Saul*, 818 F. App'x 542, 546 (7th Cir. 2020) ("A claimant who does not 'identify medical evidence that would justify further restrictions' is not entitled to remand."); *see Loveless v. Colvin*, 810 F.3d 502, 508 (7th Cir. 2016) (noting plaintiff's argument for further restrictions failed due to plaintiff's failure to identify medical evidence justifying further restrictions). Instead, Plaintiff's request is akin to asking this Court to reweigh the evidence and substitute our judgment for that of the ALJ, which this Court cannot do. *Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021) ("Even if reasonable minds could differ on the weight the ALJ gave to the medical evidence, we will not substitute our judgment for that of the ALJ's by reweighing the evidence.").

Plaintiff notes that the ALJ makes brief reference to her activities of daily living such as shopping and driving but fails to explain how these short trips and short distances equate to a light RFC. (Doc. 11-1, 22.) However, the ALJ is simply considering Plaintiff's limited activities of daily living as part of the entire record as required by SSR 16-3p. There is no indication the ALJ placed undue emphasis on Plaintiff's activities of daily living. The Court concludes the ALJ reasonably considered Plaintiff's activities of daily living.

Plaintiff further alleges the ALJ did not properly consider the subjective evidence. (Doc. 11-1, 21-22.) However, the ALJ discussed Plaintiff's allegations in considerable detail. (R. 20-21.) An ALJ is entitled to compare a claimant's subjective statements to the objective medical evidence, as the ALJ did here in considering the factors under SSR 16-

3p. (R. 19-23.) Plaintiff has not shown that the ALJ erred in finding Plaintiff has the RFC to perform a range of light work. The Court concludes the ALJ's RFC finding is supported by substantial evidence.

## III.   CONCLUSION

For all of these reasons, Plaintiff's Motion for Summary Judgment [Doc. 11] is DENIED. Defendant's Motion for Summary Affirmance [Doc. 12] is GRANTED. The Commissioner's Decision is AFFIRMED. The Clerk of Court is directed to enter Judgment in favor of Defendant. This case is terminated.

ENTER: August 18, 2023

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE